**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RICHARD DANIEL BENOIT, a/k/a
Rocky Benoit,

     Defendant-Appellant.

No. 04-7075

(D.C. No. 04-CR-24-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without
oral argument.

On February 12, 2004, the grand jury returned a three-count indictment
against Defendant charging him with knowing possession of a firearm by a
previously convicted felon in violation of 18 U.S.C. § 922(g)(1), knowing

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3), and knowing and intentional possession of methamphetamine in violation of 21 U.S.C. § 844. Defendant pled guilty to all three counts of the indictment.

At sentencing, the Presentence Report contained the recommendation that the district court apply § 2K2.1(a)(2) of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") because Defendant allegedly had at least two prior felony convictions related to crimes of violence or drugs. Rec., Vol. IV, at 4.

Defendant objected to the district court's application of § 2K2.1(a)(2) as violating his Sixth Amendment rights as articulated in *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 2537 (2004). Rec., Vol. III, at 3-4; Vol. IV, at 12-13. The district court overruled Defendant's objection. Rec., Vol. III, at 9. Defendant was subsequently sentenced to seventy-one months' incarceration on each firearm charge and to twelve months' incarceration on the drug charge. The district court ordered the sentences to run concurrently.

On appeal, Defendant again contends that the district court's application of § 2K2.1(a)(2) of the Sentencing Guidelines violated his Sixth Amendment rights. Before we address the merits of Defendant's appeal, it is necessary to address an argument made by the government in its brief, namely, that Defendant waived his

right to appeal his sentence.  Paragraph No. 10 of the plea agreement states:

> Defendant expressly waives the right to appeal defendant's sentence on any ground, except to challenge an upward departure from the applicable guideline range as determined by the Court.  Defendant specifically waives any appeal rights conferred by Title 18, United States Code, Section 3742, any post-conviction proceedings, and any habeas corpus proceedings.

Rec., Vol. I, Tab 15, at 3.  In so doing, the government argues that Defendant's appeal rights, at least for the issues raised in this appeal, are waived.

Although our general rule favors enforcing "plea agreements and their concomitant waivers of appellate rights," *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc), our analysis requires us to determine:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ."[1]  *Id.* at 1325.

The broad language of Defendant's waiver, "Defendant expressly waives the right to appeal defendant's sentence on *any* ground, except to challenge an

---

[1] We have outlined the following four situations when we will not enforce a waiver because doing so would result in a miscarriage of justice:  "'[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.'"  *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

upward departure from the applicable guideline range as determined by the Court," Rec., Vol. I, Tab 15, at 3 (emphasis added), clearly demonstrates his intent to waive all potential issues on appeal except for the one basis specifically exempted. Because his current argument on appeal does not relate to a challenge to an upward departure, Defendant's *Blakely*[2] argument is within the scope of his waiver.

Defendant has not argued that his waiver was not knowingly and voluntarily given; therefore, we need not address this issue and presume it admitted. *United States v. Anderson*, 374 F.3d 955, 958-59 (10th Cir. 2004) (determining that appellant effectively admitted to knowingly and voluntarily waiving his appellate rights because he did not contest the issue).

Finally, the facts of this case do not demonstrate that enforcement of the waiver will result in a miscarriage of justice. The only plausible basis Defendant has for demonstrating a miscarriage of justice is that his sentence exceeds the "statutory maximum" as defined in *Blakely* and *Booker*.[3] That argument has been

---

[2]Subsequent to the filing of the briefs in this appeal, the Supreme Court decided *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), which applied *Blakely* to the United States Sentencing Guidelines.

[3]In *Blakely v. Washington*, the Supreme Court, in analyzing the Washington State's sentencing scheme, defined "statutory maximum" as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 124 S. Ct. at 2537 (emphasis in original). Although the decision in *Blakely* was limited to Washington State's sentencing

(continued...)

foreclosed by our opinion in *United States v. Green*, No. 04-5105 (10th Cir. May 6, 2005), wherein we held that the definition of "statutory maximum" for purposes of appellate waivers is consistent with its ordinary meaning–"the longest sentence that the statute punishing a crime permits a court to impose." *Green*, No. 04-5105, slip op. at 24. Defendant does not argue that his sentence exceeds the maximum authorized by statute.

Accordingly, we enforce Defendant's waiver of his appellate rights found in his plea agreement and **DISMISS** this appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[3](...continued)
scheme, the Supreme Court, in reaching its ultimate holding in *United States v. Booker*, applied the *Blakely* definition of "statutory maximum" to the federal sentencing system. *See Booker*, 125 S. Ct. at 749.