F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANIEL JOSEPH PALERMO,

    Defendant-Appellant.

No. 05-4259
(District of Utah)
(D.C. No. 2:05-CV-265-DS and
2:02-CR-246)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR** and **McCONNELL**, Circuit Judges.

Daniel Joseph Palermo, appearing *pro se*, seeks to appeal the district

court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

sentence.  The matter is before this court on Palermo's request for a certificate of

appealability ("COA").  28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be

taken from a "final order in a proceeding under section 2255" unless the movant

first obtains a COA).  To be entitled to a COA, Palermo must demonstrate "that

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). Because we conclude Palermo has made that showing with respect to the claim his trial counsel was ineffective for failing to perfect a direct appeal, a certificate of appealability is **granted** on that issue.

Pursuant to the terms of a plea agreement, Palermo pleaded guilty to possession of an unregistered sawed-off shotgun. He was sentenced on November 11, 2002 to a term of sixty-four months' imprisonment. Palermo did not file a timely direct appeal. Eight months after he was sentenced, however, he filed a motion requesting the district court to vacate his sentence and impose a new judgment so he could perfect a direct appeal. In support of his motion, Palermo asserted, *inter alia*, that his counsel was ineffective for failing to file a notice of appeal. The district court construed Palermo's motion as one filed pursuant to 28 U.S.C. § 2255 and denied it. This court vacated the district court's order and remanded the matter for further proceedings, concluding the district court erred when it recharacterized Palermo's motion without affording "him the opportunity to withdraw the motion or amend it to include any additional claims that he might have." *United States v. Palermo*, 120 Fed. Appx. 275, 277 (10th Cir. 2005).

On March 28, 2005, Palermo filed the instant § 2255 motion, raising, *inter alia*, a claim his counsel was ineffective for failing to perfect a direct appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In support of this claim, Palermo asserted he orally instructed his attorney to file an appeal immediately after he was sentenced and then repeatedly attempted to communicate with his attorney by telephone. According to Palermo, during the ten days after he was sentenced his attorney refused to accept his calls and failed to contact him. An affidavit from Palermo's attorney, however, was also filed with the district court. In that affidavit, counsel stated he advised Palermo of his right to file an appeal and Palermo indicated he did not want to appeal. Counsel further stated he advised Palermo to contact him if he changed his mind but he received no written or oral indications Palermo wanted to proceed with an appeal, including voice mail messages.

The district court recognized the factual dispute created by the conflicting written statements filed by Palermo and his attorney. The court, however, did not hold an evidentiary hearing to resolve that dispute. Instead, it analyzed the factors set out in *Roe* to conclude the circumstances corroborated defense counsel's account of the facts. *Id*. at 480. It then ruled Palermo had failed to establish defense counsel's performance was objectively unreasonable and

dismissed Palermo's § 2255 motion.  The district court's approach was a misapplication of *Roe*.

In *Roe*, the Supreme Court addressed the question of whether defense counsel's failure to consult with her client about a direct criminal appeal constituted deficient performance pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).  *Roe*, 528 U.S. at 477.  The Court set out a list of factors for lower courts to consider in determining whether counsel had a duty to consult with the defendant about an appeal.  *Id*. at 480.  These factors, however, are applicable only if the defendant did not specifically instruct counsel to file an appeal.  *Id*. at 477 (stating the case at bar involved the issue of whether counsel was deficient for not filing a notice of appeal when the defendant did not clearly convey his wishes to counsel).  The factors cannot be used to assess whether a defendant who asserts he specifically instructed his attorney to file an appeal is more or less credible than his attorney.  *Id*. ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

Here, Palermo alleges he explicitly instructed his attorney to file an appeal. If Palermo's version of events is true, his counsel provided constitutionally deficient performance.  *Id*.  The district court erred when it improperly applied the *Roe* factors to assess Palermo's credibility.  Accordingly, it erred when it

determined Palermo failed to establish that counsel's performance fell below an objective standard of reasonableness on the basis of the *Roe* factors.

The order of the district court dismissing Palermo's § 2255 motion is **vacated** and this matter is **remanded** for further proceedings consistent with this order.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge