FILED
United States Court of Appeals
Tenth Circuit

April 18, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RICHARD DANIEL BENOIT,

      Defendant-Appellant.

No. 06-7084
(D.C. Nos. 06-CV-131-RAW and
04-CR-95-WH)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Richard Daniel Benoit, a federal prisoner appearing

with counsel, seeks a certificate of appealability ("COA") to challenge the district

court's denial of his 28 U.S.C. § 2255 motion. Mr. Benoit's appointed counsel

has filed an *Anders* brief and a motion to withdraw as attorney of record

---

[*] This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

concurrent with the filing of this appeal.[1] *See Anders v. California*, 386 U.S. 738 (1967). Mr. Benoit was provided a copy of his counsel's *Anders* brief but has not filed a response, and the government has declined to file a brief. Having jurisdiction under 28 U.S.C. §§ 2253 and 2255, we have conducted our own independent review of the record. *See Anders*, 386 U.S. at 744. We hold that no reasonable jurist could conclude that the district court's denial was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we **DENY** Mr. Benoit's application for a COA, **DISMISS** his appeal, and **GRANT** counsel's motion to withdraw.

## I. BACKGROUND

Mr. Benoit was indicted by a federal jury on charges arising from a carjacking in Adair County, Oklahoma, in January 2004. He entered into a plea agreement in which he, *inter alia*, waived his rights to pursue appellate and post-conviction relief. Pursuant to the plea agreement, two of the four charges against Mr. Benoit were dismissed and he pleaded guilty to the remaining charges. At sentencing, Mr. Benoit withdrew a previously-lodged objection to the pre-sentence investigation report and was sentenced to two consecutive sentences for a total of 288 months of imprisonment, which was within the advisory Guidelines

---

[1] Because Mr. Benoit cannot take an appeal in a 28 U.S.C. § 2255 proceeding unless a COA has issued and the district court did not issue a COA, we deem the filing of his appeal to be an application for COA. *See* Fed. R. App. P. 22(b)(1), (2).

range.  The final judgment was entered on February 11, 2005.  No appeal was

taken within the ten day period during which a direct appeal of a criminal verdict

would have been allowed.

On January 31, 2006, Mr. Benoit filed an application for leave to file a

notice of appeal out of time.  Because that motion stated that Mr. Benoit's

defense counsel had promised to file a notice of appeal and failed to do so, the

district court, in an order dated March 24, 2006, construed the motion as one

pursuant to 28 U.S.C. § 2255, rather than dismissing the motion under its current

label for being untimely filed.[2]  The district court then referred Mr. Benoit's

---

[2]      Ordinarily, before a district court can recharacterize a pro se litigant's petition as a § 2255 motion, the district court is required to provide notice to the litigant of its intention to do so and warn the litigant of the possible consequences of a § 2255 classification, particularly those consequences relating to second and successive habeas actions. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003).  The district court expressly acknowledged this legal principle when recharacterizing Mr. Benoit's motion.  However, the district court noted that in this case, *refusing* to recharacterize the motion would "severely prejudice" Mr. Benoit because, if the court denied the motion, any subsequent § 2255 motion he filed would be time barred. R., Vol. 2, Doc. 2, at 2-3 (Dist. Ct. Order, dated Mar. 24, 2006).  Therefore, in an effort to avoid prejudicing Mr. Benoit, the district court recharacterized the filing as a § 2255 motion and found it timely.  Mr. Benoit has not objected to this recharacterization, either before the district court or before us.  And we are sensitive to the judicial-access sentiments animating the district court's decision to recharacterize Mr. Benoit's motion. Assuming that the court's action (as it appears to be) was a violation of *Castro*, that need not detain us.  We conclude that any such error would be harmless because, as the district court noted, a subsequently-filed § 2255 motion by Mr. Benoit would have been time barred.  *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) ("Since any § 2255 motion filed by Appellant in the instant case would be time barred, the district court's failure to notify Appellant of the recharacterization was harmless.").

designated § 2255 motion to a magistrate judge for an evidentiary hearing and appointed Mr. Benoit counsel.

At the evidentiary hearing, Mr. Benoit and his sister testified and an affidavit from his former lawyer was submitted. In his affidavit, the attorney indicated that he did not remember a specific conversation with Mr. Benoit about an appeal in this case but stated that he typically advised clients of their appellate rights and that an appeal must be filed within 10 days. He also said that given the plea agreement and sentencing, he would have likely told Mr. Benoit that an appeal would be pointless but he would file one if instructed to do so and would then also file an *Anders* brief. Mr. Benoit's sister testified that Mr. Benoit's attorney indicated in open court that he would file an appeal based on *Blakely v. Washington*, 542 U.S. 296 (2004). Mr. Benoit testified that he asked his attorney to file an appeal and his attorney agreed to do so, although Mr. Benoit could not say what the grounds for the appeal would be. He did suggest, however, that jailhouse rumors about people getting relief after *Blakely* made him think that he should appeal.

Based on the evidentiary hearing and a review of the plea hearing, the magistrate judge concluded that Mr. Benoit did not present credible testimony that he asked his attorney to file an appeal. Furthermore, the magistrate stated that it appeared that what Mr. Benoit and his sister remembered regarding appeals pertained to a previous case in which Mr. Benoit was represented by the same

counsel who Mr. Benoit claims promised to appeal in this case. In that previous case, Mr. Benoit was the subject of federal charges stemming from an incident that occurred in Cherokee County, Oklahoma, in November 2003. He pleaded guilty pursuant to a plea agreement, which included an appellate waiver, and was sentenced on July 16, 2004. At sentencing, there was a discussion of *Blakely*'s application to Mr. Benoit's sentence, but the district court ultimately overruled the *Blakely* objection. Mr. Benoit appealed his sentence, but we dismissed that appeal based on his waiver of his appellate rights. *See United States v. Benoit*, 130 F. App'x 293 (10th Cir. 2005).

In the instant case, the district court adopted and affirmed the magistrate judge's report and recommendation on July 24, 2006. An appeal was timely filed on August 2, 2006.

## II. DISCUSSION

For a COA to issue, Mr. Benoit must demonstrate that reasonable jurists would find the district court's denial of his petition debatable. *See Slack*, 529 U.S. at 484. In assessing his claims, we review the district court's factual findings for clear error and its legal conclusions de novo. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001).

Although the waiver in Mr. Benoit's plea agreement has significantly limited his appellate rights, Mr. Benoit would still be entitled to a delayed appeal if he asked his attorney to file an appeal and his attorney ignored his request. *See*

-5-

*United States v. Garrett*, 402 F.3d 1262, 1266-67 (10th Cir. 2005). Mr. Benoit's only claim is that his attorney had agreed to file an appeal and never did; he does not argue that his plea was not knowing and voluntary. Thus, we only consider the issue of Mr. Benoit's potential entitlement to a direct appeal based on his claim that his attorney did not file an appeal as instructed. *Id.* at 1267 n.7. Whether such an appeal would be meritorious is not a question before us. *Id.* at 1267.

The magistrate judge found that there was no credible evidence that Mr. Benoit had instructed his attorney to file an appeal. The district court upheld this finding. We conclude that it is not clearly erroneous.

In particular, the magistrate judge concluded, and our independent review of the record confirms, that Mr. Benoit's attorney never promised to appeal this case in open court as Mr. Benoit's sister indicated. Although Mr. Benoit claimed to have asked his attorney to file an appeal, the magistrate judge concluded that both Mr. Benoit and his sister were confusing this case with the previous case in which Mr. Benoit pleaded guilty and was sentenced. That occurred less than eight months prior to his sentencing in the instant case, and Mr. Benoit was represented by the same attorney who had promised to file an appeal and did file the appeal in that case. The magistrate judge's credibility finding is entitled to deference. *See Nat'l Ref. Co. v. Wagner*, 169 F.2d 43, 45 (10th Cir. 1948). Because we conclude that the magistrate judge did not clearly err in finding that

Mr. Benoit did not ask his attorney to file an appeal, his attorney was not ineffective for failing to do so.

Just as there is no evidence that Mr. Benoit instructed his attorney to file an appeal, there also is no evidence that Mr. Benoit asked his attorney *not* to file an appeal. Under such circumstances, we must consider whether the attorney consulted with Mr. Benoit about an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). The record indicates that Mr. Benoit's attorney could not remember whether he spoke to Mr. Benoit and only offered information about what he typically would advise a client in these circumstances. Accordingly, the magistrate judge's conclusion that Mr. Benoit's attorney did not consult with him is not clearly erroneous.

When an attorney has not consulted with his client, the question then becomes whether his failure to consult itself constitutes deficient performance. *Id.* An attorney has a constitutionally-imposed duty to consult with his client when he has reason to believe that a rational defendant would want to appeal or when he has reason to believe that this particular defendant has demonstrated that he is interested in appealing. *Id.* at 480. "Although not determinative, a highly relevant factor . . . will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* Other relevant factors include whether the defendant received

the sentence that he bargained for, and whether the plea expressly reserved or waived some or all appellate rights. *Id.* Ultimately, we must consider all of the information the attorney knew or should have known. *Id.*

The magistrate judge properly applied *Flores-Ortega* in concluding that the failure to consult with Mr. Benoit was not constitutionally deficient. The record indicates that Mr. Benoit pleaded guilty, significantly limited his appellate rights in his plea agreement, and received a within-Guidelines sentence, which he expressly acknowledged would be acceptable at his change of plea hearing. Although Mr. Benoit had previously appealed after pleading guilty under a plea agreement that contained an appellate waiver, he did so because his attorney advised him that an appeal was where they would likely get relief because of *Blakely*, which had been decided one month before Mr. Benoit was sentenced. There is no evidence that the *Blakely* issue was even raised in relation to this case or that Mr. Benoit's attorney had any information that would lead him to believe that a rational defendant, or Mr. Benoit in particular, would want to file an appeal. Accordingly, his failure to consult with Mr. Benoit about an appeal was not constitutionally deficient.

For the reasons stated above, Mr. Benoit's request for a COA is **DENIED**, his appeal is **DISMISSED**, and his counsel's motion to withdraw is **GRANTED**.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge