**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 2004**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

v.

DANIEL ROBERT MARTIN,

Defendant-Appellant.

No. 03-7075
(D.C. No. CR-97-47(2)-P)

**ORDER**

Submitted on the briefs:*

Daniel Robert Martin, pro se.

Before **TACHA**, Chief Circuit Judge, **McKAY** and **McCONNELL**, Circuit Judges.

This is a *pro se* 28 U.S.C. § 2255 appeal. Appellant Martin was convicted after a jury trial of violations of the Resource Conservation and Recovery Act, 42

---

*After examining the Appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

U.S.C. §§ 6901-6992, and of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. He was sentenced to 240 months of imprisonment. His conviction was affirmed by a panel of this court in United States v. Martin, No. 98-7097 (10th Cir. April 5, 2000). On June 2, 2003, Appellant filed an "Application for Nunc Pro Tunc Order to Modify the Judgment" with the district court. In a minute order dated June 10, 2003, the district court construed this motion as a request for relief pursuant to 28 U.S.C. § 2255 and denied the motion as time barred. Appellant filed a notice of appeal on June 27, 2003. Appellant also filed a Petition for Writ of Mandamus addressed to the Tenth Circuit, but he mailed the mandamus to the district court. We received the forwarded mandamus on July 10, 2003. Since the district court declined to grant a certificate of appealability, we will first need to address this issue.

In order for this court to grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Our review of Appellant's Application raised the initial concern that the district court failed to notify Appellant that his Application for Nunc Pro Tunc Order to Modify the Judgment was going to be construed as a § 2255 motion for habeas corpus.

> [A] district court may not recharacterize a *pro se* litigant's motion as a request for relief under § 2255 – unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion.

Castro v. United States, __ U.S. __, 124 S. Ct. 786, 792 (2003). This has been the law in our circuit for several years. See United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000). The usual remedy for such a failure is to "vacate the court's order denying the motion and remand the case." Id. This remand would allow the *pro se* litigant the opportunity to make "all . . . collateral § 2255 arguments in a single § 2255 motion" alleviating the adverse consequence of having a subsequent § 2255 motion being barred as successive. Id. at 1241, 1242.

In Kelly, we remanded because, but for the district court's error, the litigant would have had several months remaining in which to file a timely § 2255 motion before the limitation period expired. See id. at 1242. However, in our case, the deadline for filing a § 2255 motion had expired when Appellant filed his Application. Notification of the recharacterization would not change the fact that the limitation period for filing a § 2255 motion had long since passed.

Since any § 2255 motion filed by Appellant in the instant case would be time barred, the district court's failure to notify Appellant of the recharacterization was harmless.

> [Appellant's] § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which establishes a one-year limitations period for federal prisoners seeking habeas relief. If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires. A petition for a writ of certiorari must be filed within ninety days after denial of a timely petition for rehearing.

United States v. Hurst, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal citations, quotations, and footnotes omitted). We affirmed Appellant's conviction on direct appeal on April 5, 2000. The record reflects that Appellant did not file a petition for a writ of certiorari with the United States Supreme Court. Therefore, the one-year limitation period began to run ninety days after we affirmed Appellant's conviction. Appellant's current motion was filed on June 2, 2003, just short of two years past the expiration of the limitation period.

We have carefully reviewed Mr. Martin's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's brief raises an issue which meets our standards for the grant of a certificate of appealability.

We **DENY** Petitioner's request for a certificate of appealability and

**DISMISS** the appeal.  Appellant's Petition for Writ of Mandamus is **DENIED**.


Entered for the Court


Monroe G. McKay
Circuit Judge