**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROBERTO RAMOS,

    Defendant-Appellant.

No. 05-5035

(D.C. No. 05-CV-100-HDC-PJC)
(D.C. No. 99-CR-66-HDC)
(N.D.Okla.)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Proceeding pro se, Roberto Ramos requests a certificate of appealability ("COA") so he may appeal the district court's denial of his habeas petition that he filed pursuant to 28 U.S.C. § 2255.

In May 2000, a jury convicted Ramos of conspiracy to possess with intent to distribute methamphetamine and cocaine. Based upon a drug amount of 6.098 kilograms, the district court sentenced him to 235 months' imprisonment. On July 8, 2002, this court affirmed Ramos's conviction and sentence. United States v. Ramos, No. 00-5089, 42 Fed. Appx. 318, 2002 U.S. App. LEXIS 13622 (10th Cir. July 8, 2002) (unpublished opinion). Ramos did not file a petition for a writ of certiorari with the United States Supreme Court.

On February 5, 2005, Ramos filed a § 2255 petition requesting that his sentence be vacated pursuant to the recent decision from the Supreme Court in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). In his habeas petition, Ramos asserts that his sentence is unconstitutional because the judge, in imposing sentence, considered facts that were neither found by a jury nor admitted by Ramos. The district court held that Ramos's § 2255 motion was untimely since he filed his petition more than one year after the date on which the judgment of conviction became final. The district court further rejected Ramos's argument that <u>Booker</u> should be applied retroactively to his case on collateral appeal. The district court did not rule upon the issuance of a COA.

Unless the petitioner first obtains a COA, no appeal may be taken from a final order disposing of a § 2255 petition. <u>See</u> 28 U.S.C. § 2253(c)(1)(B). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural rulings." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). In determining whether Ramos has satisfied this burden, this court undertakes "a preliminary, though not definitive, consideration of the

2

[legal] framework" applicable to each of his claims. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). To be entitled to a COA, Ramos need not establish that his appeal will succeed. However, he must "prove something more than the absence of frivolity or the existence of mere good faith." Id. (internal quotation marks omitted).

The district court found that Ramos's habeas petition was untimely. Ramos did not file a petition for a writ of certiorari. A one-year period of limitation applies to Ramos's habeas petition. 28 U.S.C. § 2255. The limitations period runs from the date on which the judgment of conviction becomes final, which occurs when the time period for seeking review from the Supreme Court expires. Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004). The time for filing a petition for a writ of certiorari is ninety days after the entry of judgment. Sup. Ct. R. 13.1.

In Ramos's case, the one-year limitations period began to run on October 8, 2002, which was ninety days after this court affirmed his conviction and sentence. Thus, Ramos had until October 8, 2003, to file his habeas petition.[1] Reasonable jurists would not debate the district court's conclusion that Ramos's petition filed February 5, 2005, is untimely, and his claim is not adequate to deserve further proceedings.

As to Ramos's Booker claim, the district court correctly observed that this court

---

[1] Ramos has not argued that the one-year limitations period should be tolled, and this court will not consider whether Ramos should be entitled to equitable tolling.

3

has held that <u>Booker</u> does not apply retroactively to cases on collateral appeal.  <u>See United States v. Bellamy</u>, 411 F.3d 1182, 1186-87 (10th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005).  Reasonable jurists would not find it debatable whether the Ramos's petition states a valid claim of the denial of a constitutional right.

Ramos's request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

4