**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GAYLEN D. CLARK,

        Petitioner-Appellant,

v.

L.E. BRUCE; PHILL KLINE,

        Respondents-Appellees.

No. 05-3276

District of Kansas

(D.C. No. 05-CV-3220-SAC)

**ORDER**[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Gaylen D. Clark, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Clark has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

Mr. Clark was convicted of aggravated robbery on July 18, 2000 in Sedgwick County, Kansas, and was sentenced to 228 months of imprisonment. He

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

appealed the conviction to the Kansas Court of Appeals, and then to the Kansas Supreme Court, which denied his petition for review on June 12, 2002. It appears that Mr. Clark did not file anything else in either state or federal court until October 27, 2003, when he filed a motion for post-conviction relief under Kan. Stat. Ann. § 60-1507 in the Sedgwick County District Court.

On May 12, 2005, Mr. Clark filed a petition for a writ of habeas corpus in the United States District Court of Kansas under 28 U.S.C. § 2241. The district court recharacterized Mr. Clark's motion as a petition under § 2254, and then dismissed the motion as time-barred pursuant to § 2244(d). Mr. Clark sought a COA from the district court and requested leave to proceed in forma pauperis on appeal. The district court denied his request for a COA, but allowed him to proceed in forma pauperis. Mr. Clark now appeals the denial of his request for a COA.

Under § 2244, there is a one-year period of limitation on a state prisoner's right to file an application for a writ of habeas corpus.[1] "The limitations period

---

[1] 28 U.S.C. § 2244(d)(1): A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created

(continued...)

generally runs from the date on which the state judgment became final after direct appeal, *see* 28 U.S.C. § 2244(d)(1)(A), but is tolled during the time state post-conviction review is pending, *see* 28 U.S.C. § 2244(d)(2)." *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). In this case, the Kansas Supreme Court denied Mr. Clark's petition for review of his conviction on June 12, 2002. "[T]he one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the [90 days] time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (internal quotation marks omitted); Sup. Ct. R. 13. Consequently, Mr. Clark's conviction became final, and the one-year limitation period began to run, on September 10, 2002. Although any State post-conviction motions filed by Mr.

---

(...continued)

> by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Clark would toll the running of that period, *see* 28 U.S.C. § 2244(d)(2), it appears that Mr. Clark did not apply for post-conviction relief until October 27, 2003. Because his one-year limitation period ended on September 10, 2003, Mr. Clark's post-conviction motions came too late to prevent his right to petition for a writ of habeas corpus from expiring.

Mr. Clark claims that the one-year limitation period does not apply to his application for a writ of habeas corpus because he filed his motion under § 2241 rather than § 2254. However, the one-year limitation period set forth in § 2244 applies to habeas corpus petitions filed under both § 2254 and § 2241. *See*, *e.g.*, *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (applying the § 2244(d) one-year limitation period to a § 2254 habeas petition); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (applying the § 2244(d) one-year limitation period to a § 2241 habeas petition).

Mr. Clark also argues that because his habeas corpus petition is partially based on the Supreme Court's recent decisions in *Booker* and *Blakely*, and the rights articulated in those decisions have "only recently been brought in to [sic] clarity by the United States Supreme Court," the one-year limitation period should not begin to run in his case until after *Booker* and *Blakely* were decided. Resp. to Show Cause Order 2 (citing *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004)). Section 2244(d)(1)(C) states that

when a habeas corpus petition is based on "newly recognized" constitutional rights, the one-year limitation period does not start running until "the date on which the constitutional right asserted was initially recognized by the Supreme Court." However, that provision only applies when the new right has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). In this Circuit, neither *Booker* nor *Blakely* are applied retroactively to cases filed on collateral review. *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) ("*Booker* does not apply retroactively to initial habeas petitions . . . ."); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) ("*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*."). Consequently, neither *Booker* nor *Blakely* delayed the running of Mr. Clark's one-year limitations period for filing a habeas corpus petition.[2]

Mr. Clark also argues that this Court would be allowing a "manifest injustice" if his motion were not heard on the merits. Although the one-year limitation period set forth in § 2244 is subject to equitable tolling, "this equitable

---

[2] The other two cases relied upon by Mr. Clark in his habeas petition, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (decided on June 26, 2000), and *Jones v. United States*, 526 U.S. 227 (1999), were both decided before July 18, 2000, the date of his conviction in the Sedgwick County District Court. Consequently, neither *Apprendi* nor *Jones* qualifies as a "right [that] has been newly recognized by the Supreme Court" under § 2244(d)(1)(C) for purposes of Mr. Clark's habeas corpus petition.

remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Clark has not identified, nor can we find in the record, any extraordinary circumstances that would justify an equitable tolling of the one-year limitations period. Consequently, we see no reason to excuse Mr. Clark from the statutory limitations period set forth in § 2244(d).

Finally, Mr. Clark alleges that the district court's decision to convert his § 2241 motion into one filed under § 2254 constituted judicial misconduct and an abuse of discretion. The Antiterrorism and Effective Death Penalty Act establishes that an "action is properly brought under § 2254 as a challenge to the validity of [the petitioner's] conviction and sentence," whereas an action "pursuant to § 2241 [i]s an attack on the execution of [the petitioner's] sentence." *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Mr. Clark's primary argument in his habeas corpus petition is that the Kansas statute under which he was sentenced is "unconstitutional" because it required "[t]he use of his two prior non jury juvenile adjudications" to enhance his sentence, which "violated [his] Fifth and Sixth Amendment Rights." Habeas Br. 1. This argument is a challenge to the sentence itself, not its execution, and therefore is properly construed as a § 2254 habeas corpus petition.

Nevertheless, district courts may not convert a pro se litigant's § 2241 petition into one filed under § 2254 without first notifying the litigant of the consequences of such a change. *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005). Section 2244(b) imposes strict limitations on the rights of litigants to file second or successive § 2254 habeas petitions. As a result, before a district court reclassifies a habeas petition under § 2254, it "must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [§ 2254] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [§ 2254] claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also Davis*, 425 F.3d at 835. Nothing in the record in this case indicates that the district court followed the proper procedures before converting Mr. Clark's § 2241 petition into one filed under § 2254.

Generally, if the district court fails to follow the required procedures, its decision must be vacated and remanded so that the petitioner can make an informed judgment about whether to proceed with his claims under § 2254. *Cf. United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000) (vacating and remanding so that the petitioner "may make all of his collateral arguments in a single § 2255 motion"). However, because we find that Mr. Clark's application

for a writ of habeas corpus is time-barred under § 2244(d), any error by the district court would be harmless. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) ("Since any § 2255 motion filed by Appellant in the instant case would be time barred, the district court's failure to notify Appellant of the recharacterization was harmless.").[3]

Accordingly, we **DENY** Gaylen D. Clark's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge

---

[3]If the district court did not follow the proper procedures when it recharacterized Mr. Clark's habeas corpus petition, this order does not foreclose the possibility that Mr. Clark might be able to file a subsequent § 2254 petition without meeting the requirements for "second or successive" habeas corpus petitions under § 2244(b), so long as his new claims are not time-barred under § 2244(d). *Cf. Castro v. United States*, 540 U.S. 375, 383 (2003) (holding that petitioner's previous habeas corpus petition, which had been recharacterized as a § 2255 motion and then dismissed, "cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions").