**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HERIBERTO GARCIA-RODRIGUEZ,

Defendant - Appellant.

No. 07-8077
(D. Wyoming)
(D.C. No. 03-CR-061-WFD)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **KELLY**, **ANDERSON,** and **MURPHY**, Circuit Judges.

This matter is before the court on Heriberto Garcia-Rodriguez's *pro se*

request for a certificate of appealability ("COA"). Garcia-Rodriguez, a federal

prisoner, seeks a COA so he can appeal the district court's denial of his 28 U.S.C.

§ 2255 motion. 28 U.S.C. § 2253(c)(1)(B).[1] Because Garcia-Rodriguez has not

---

[1]This court recognizes that the document Garcia-Rodriguez filed was actually labeled "Motion Seeking Permission to File Late 28 U.S.C. § 2255 Motion." We further recognize that in the vast majority of cases, it is inappropriate to recharacterize a *pro se* motion as a request for relief under § 2255 unless the court provides notice of its intent to do so; warns the litigant of the potential consequences of such a recharacterization; and gives the litigant an opportunity to either contest the recharacterization, withdraw the motion, or amend the motion. *United States v. Martin*, 357 F.3d 1198, 1199 (10th Cir. 2004). In the unusual circumstances of this case, however, such an approach is

(continued...)

"made a substantial showing of the denial of a constitutional right," *id.*

§ 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

As set out in this court's decision on direct appeal, Garcia-Rodriguez was convicted of possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). *United States v. Garcia-Rodriguez*, 127 F. App'x 440, 442 (10th Cir. 2005). Because he had two prior felony drug convictions, Garcia-Rodriguez was sentenced to life imprisonment under 21 U.S.C. §§ 841 and 851. This court affirmed Garcia-Rodriguez's conviction and sentence on April 4, 2005. Garcia Rodriguez's conviction became final on October 3, 2005, when the Supreme

---

[1](...continued)
warranted. First, it is unclear what Garcia-Rodriguez's motion could be if it is not a § 2255 motion. There does not appear to be any provision in the rules or statutes governing § 2255 for naked requests to file late § 2255 motions. Instead, the normal course would be to file a § 2255 motion and litigate the issue of timeliness if and when it is identified by the respondent or the district court. More importantly, however, construing Garcia-Rodriguez's motion as a § 2255 motion would not impose upon Garcia-Rodriguez any of the potential negative consequences which led this court to adopt the prophylactic rule set out in *Martin*. That is, as Garcia-Rodriguez readily recognizes, any § 2255 motion he could file to challenge his 21 U.S.C. § 841(a)(1) conviction and his life sentence is untimely unless he is entitled to equitable tolling. In these circumstances, recharacterizing Garcia-Rodriguez's motion as a § 2255 motion will have no impact on his ability to later bring a § 2255 motion raising additional claims because any such motion would be time barred. *Martin*, 357 F.3d at 1200 ("[T]he deadline for filing a § 2255 motion had expired when Appellant filed his Application. Notification of the recharacterization would not change the fact that the limitation period for filing a § 2255 motion had long since passed. Since any § 2255 Motion filed by Appellant in the instant case would be time barred, the district court's failure to notify Appellant of the recharacterization was harmless.").

Court denied certiorari. 28 U.S.C. § 2255(f)(1). Twenty-two months later, on August 6, 2007, Garcia-Rodriguez filed the instant § 2255 motion.

In support of his request for equitable tolling of the one-year limitations period set out in § 2255(f), Garcia-Rodriguez merely averred as follows:

> [P]ending the direct appeal petitioner communicated via a letter dated July 21, 2004 through his attorney and requested a copy of entire case file to collaterally attack his sentence.
> Since the petitioner lacks access to Spanish-language legal material and the jail-house lawyer who assisted him passed away, during this 1-year period of limitations to file the motion [sic] has expired and he has not received the transcripts for preparation of the § 2255 motion.

The district court denied Garcia-Rodriguez's request for equitable tolling. The district court first noted that to invoke equitable tolling, Garcia-Rodriguez must show that he both diligently pursued his claims and that he was frustrated in meeting the limitations period by exceptional and extraordinary circumstances beyond his control. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). The district court concluded Garcia's cursory explanation for his failure to timely file failed to satisfy either requirement.

The granting of a COA is a jurisdictional prerequisite to Garcia-Rodriguez's appeal from the denial of his § 2255 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Garcia-Rodriguez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable

-3-

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether Garcia-Rodriguez has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Garcia-Rodriguez need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* As an additional overlay, we review the district court's decision denying Garcia-Rodriguez's request for equitable tolling for an abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Having undertaken a review of Garcia-Rodriguez's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Garcia-Rodriguez is not entitled to a COA. The district court's resolution of Garcia-Rodriguez's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. In particular, we note that in this court's recently published decision in *Yang v. Archuleta*, No. 07-1459, 2008 WL 1795049, at *3 (10th Cir. April 22, 2008), we held that unadorned statements about language deficiencies will not support a finding of exceptional circumstances. Furthermore, "an inmate bears a strong

burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Id.* at \*2 (quotation omitted). Garcia-Rodriguez's cursory statements, devoid of specific factual support, regarding his inability to timely file completely fail to satisfy his burden. Accordingly, this court **DENIES** Garcia-Rodriguez's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk
