**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

HERIBERTO GARCIA−RODRIGUEZ,

Defendant−Appellant.

No. 13-8031
(D.C. Nos. 1:13-CV-00017-NDF
& 2:03-CR-00061-WFD-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO**, and **MATHESON**, Circuit Judges.

Heriberto Garcia-Rodriguez, a federal prisoner proceeding pro se, seeks a
certificate of appealability (COA) to appeal the district court's dismissal of his
second 28 U.S.C. § 2255 motion for lack of jurisdiction. We deny a COA and
dismiss the matter.

Mr. Garcia-Rodriguez was convicted in 2004 of possession with intent to
distribute more than 500 grams of methamphetamine. He was sentenced to life
imprisonment because he had two prior felony drug convictions. We upheld his

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction and sentence on appeal. *See United States v. Garcia-Rodriguez,* 127 F. App'x 440, 442 (10th Cir. 2005).

In 2007, Mr. Garcia-Rodriguez filed a Notice of Motion and Motion Seeking Permission to File a Late 28 U.S.C. § 2255 Motion. The district court considered this request as a § 2255 motion and considered the arguments for why the motion should not be treated as untimely. The court ultimately concluded that Mr. Garcia-Rodriguez had failed to provide sufficient justification for his untimely filing and denied the § 2255 motion. Mr. Garcia-Rodriguez sought to appeal this decision, and we denied his request for a COA. *See United States v. Garcia-Rodriguez,* 275 F. App'x 782, 782-83 (10th Cir. 2008).[1]

In January 2013, Mr. Garcia-Rodriguez filed a second § 2255 motion. The district court determined that this motion was an unauthorized second or successive motion and dismissed it for lack of jurisdiction. Mr. Garcia-Rodriguez now seeks a COA to appeal that dismissal.

To obtain a COA, Mr. Garcia-Rodriguez must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

---

[1]    In our COA order, we recognized that Mr. Garcia-Rodriguez had not actually filed a § 2255 motion in the district court, but the court had recharacterized the motion as a § 2255 motion. *Garcia-Rodriguez,* 275 F. App'x at 782 n.1. Although we noted that recharacterizing a motion as a first § 2255 motion requires certain procedural steps that the district court had not taken, we concluded that recharacterizing the motion "[i]n the unusual circumstances of this case" was "warranted." *Id.*

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because both of these elements must be shown, the court may address them in whatever sequence is convenient. *See id*. at 485.

The procedural ruling is dispositive in this matter. A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Garcia-Rodriguez's new § 2255 motion asserts that his counsel was ineffective in light of the holdings in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). He argues that if his counsel had been effective during the plea negotiation process, he would have received a much shorter sentence. He also argues that this new § 2255 should not count as a second or successive motion because his first § 2255 motion was not decided on the merits.

"Generally, a § 2255 petition is 'second or successive' if a prior § 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits." *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). Mr. Garcia-Rodriguez's first § 2255 motion brought claims attacking the same conviction and sentence that he now seeks to challenge in his second § 2255 motion. But he contends that the district court did not decide his first motion on the merits

because the court dismissed it as untimely. The dismissal of a first habeas petition as time-barred, however, is "a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *see also Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[A] habeas or § 2255 petition that is properly dismissed as time-barred under ADEPA constitutes an adjudication on the merits for successive purposes."). The district court therefore properly characterized Mr. Garcia-Rodriguez's new motion as a second or successive § 2255 motion.

The district court further determined that it would not be in the interest of justice to transfer the motion to this court because Mr. Garcia-Rodriguez's new claims were not based on newly discovered evidence or a new rule of constitutional law. *See Cline*, 531 F.3d at 1251-53; 28 U.S.C. § 2255(h). Although Mr. Garcia-Rodriguez seeks to rely on *Lafler* and *Cooper* to establish that his claims are not successive, we recently joined six other circuits in holding that these decisions do not establish a new rule of constitutional law. *See In re Graham*, 714 F.3d 1181, 1182-83 (10th Cir. 2013) (per curiam). The district court therefore properly exercised its discretion not to transfer the motion and to dismiss it for lack of jurisdiction instead.

Reasonable jurists could not debate that the district court was correct to treat Mr. Garcia-Rodriguez's new § 2255 motion as an unauthorized second or successive

§ 2255 motion and dismiss it for lack of jurisdiction.  Accordingly, we deny a COA

and dismiss this matter.  We grant Mr. Garcia-Rodriguez's motion for leave to

proceed on appeal without prepayment of costs or fees.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk
