FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SEAN C. OWEN,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
STATE OF UTAH,

    Defendants - Appellees.

No. 21-4134
(D.C. No. 2:18-CV-00434-DBB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Sean C. Owen is a prisoner in the custody of the State of Utah. Proceeding pro se,[1]

he seeks a certificate of appealability ("COA") to appeal the district court's denial of

what the court characterized as a 28 U.S.C. § 2254 petition for a writ of habeas corpus.

For the reasons explained below, we agree that portions of Mr. Owen's submission are

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Owen is proceeding pro se, we liberally construe his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

properly characterized as a § 2254 petition but conclude the district court failed to follow the required procedures to recharacterize it as such. Other portions of Mr. Owen's claims, however, are not properly characterized as a § 2254 petition. Therefore, we remand with instructions to the district court to vacate the dismissal of Mr. Owen's claims properly characterized as a § 2254 petition. But to the extent Mr. Owen brings civil rights claims against the United States and the State of Utah, we remand with instructions to the district court to modify the dismissals of those claims as without prejudice for lack of subject matter jurisdiction.

## I.    BACKGROUND[2]

The State of Utah charged Mr. Owen with violating three Utah statutes based on the sexual abuse of his stepdaughter from the time she was fourteen to seventeen years old. Mr. Owen was tried in Utah state court on five counts of first-degree rape pursuant to § 76-5-402 of the Utah Code, three counts of first-degree forcible sodomy pursuant to § 76-5-403(2) of the Utah Code, and two counts of second-degree forcible sexual abuse pursuant to § 76-5-404 of the Utah Code. *See State of Utah v. Owen*, No. 111401870 (Utah Oct. 03, 2011).[3]

---

[2] At this stage of the proceedings, we recount the facts as described in the pro se complaint, accepting the well-pleaded allegations as true. *See Williams v. Kaiser*, 323 U.S. 471, 473–74 (1945) (noting when a district court denies habeas petition "without giving petitioner an opportunity to prove his allegations," the appellate court "must assume that the allegations of the petition are true"); *see also Winkel v. Hammond*, 704 F. App'x 735, 736 (10th Cir. 2017) (unpublished) (using the 12(b)(6) standard to review a § 1915A(b) dismissal for failure to state a claim).

[3] Although the record on appeal does not include Mr. Owen's state court records, we take judicial notice of the docket in his state conviction proceedings. *See United*

2

Mr. Owen filed a pro se motion seeking to represent himself. *State of Utah v. Owen*, No. 111401870 (Utah Feb. 26, 2013). The trial court granted Mr. Owen's motion and allowed him to represent himself during his two-day jury trial. *State of Utah v. Owen*, No. 111401870 (Utah May 7, 2013; June 26, 2013; June 27, 2013). Mr. Owen alleges he "told [the judge] that [he] was not going to deny the sexual activity" with his minor stepdaughter "but was instead going to present a defense that 'the law was wrong.'" ROA Vol. I at 10.

In support of this defense, Mr. Owen attempted to admit three pieces of evidence demonstrating the sexual relationship with his victim was consensual and not abusive. He alleges each was either improperly excluded or destroyed. First, Mr. Owen attempted to admit a video interview of the victim denying allegations of sexual abuse. At trial, the judge excluded the video evidence because in the video, the victim was not "asked if [Mr. Owen had] sexually abused or raped her." *Id.* at 11. Second, Mr. Owen attempted to recover "pictures, videos, [and] documents" from his personal desktop, but the State represented the items were unrecoverable because the computer would not turn on. *Id.* Finally, he attempted to recover a video of his victim from his cellular telephone but alleges the State had deleted it from the device after he described the contents of the video. In the absence of the video, the trial court provided him with an opportunity to

---

*States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

describe to the jury what the video would have shown. Mr. Owen does not include any allegations in his Complaint describing what the video would have depicted.

The two-day jury trial resulted in a guilty verdict for each count. *State of Utah v. Owen*, No. 111401870 (Utah June 27, 2013). The state court sentenced Mr. Owen to an indeterminate term of imprisonment with a minimum of ten years for his first-degree rape charges. *State of Utah v. Owen*, No. 111401870 (Utah Sept. 10, 2013). The court also sentenced him to an indeterminate term of imprisonment with a minimum of ten years for his forcible sodomy charges. *Id.* Finally, the court sentenced Mr. Owen to an indeterminate term of not less than one year and not more than fifteen years imprisonment for each forcible sexual abuse charge. *Id.* Mr. Owen did not file a direct appeal.[4]

Mr. Owen filed a Complaint in the federal district court for the District of Utah on June 25, 2018. Liberally construed, Mr. Owen brought claims against the United States and the State of Utah seeking a declaratory judgment to invalidate laws prohibiting sexual activity between adults and post-pubescent children under the age of eighteen, arguing these laws violate the Due Process and Equal Protection Clauses of the Constitution. Mr. Owen's claim against the United States challenges Concurrent Resolution 107, which was approved by the 106th Congress in 1999. The concurrent resolution Mr. Owen challenges generally rejects an academic article suggesting sexual relationships between adults and "willing" children were less harmful than believed.

---

[4] Mr. Owen contends he filed a state post-conviction motion on June 24, 2014. This motion is not reflected in the state criminal docket.

4

H.R. Con. Res. 107, 106th Cong. (1999). Mr. Owen's claim against the State of Utah challenges various criminal laws distinguishing between sexual assault of adults and children. Specifically, he challenges the constitutionality of his statutes of conviction as well as two other sexual offenses of which he was not charged, Utah Code Ann. §§ 76-5-401, 76-5-401.2, and "perhaps other similar statutes [of which he is] unaware." ROA Vol. I at 5.

The district court notified Mr. Owen it intended to construe his Complaint as a § 2254 petition for habeas corpus. Construing the Complaint as a § 2254 petition, the court ordered Mr. Owen to cure three deficiencies: (1) name his custodian as the respondent, (2) submit the petition on a court-approved form, and (3) "specify a clear timeline regarding exhaustion of claim(s) in the appeals and post-conviction process in the state courts and whether they have been concluded in the Utah Supreme Court." ROA Vol. II at 7. Mr. Owen did not amend his pleading and instead objected to the court's construction of his Complaint as a habeas petition, reiterating that he was challenging the constitutional validity of various Utah laws and the federal concurrent resolution. Thereafter, the district court ordered Mr. Owen to show cause why the action should not be dismissed for failure to cure the deficiencies in what the court construed as a § 2254 petition. Mr. Owen again objected to the court's construction of his Complaint as a § 2254 petition and instead intended to "litigate the constitutionality of the statutes [and] congressional resolution." ROA Vol. II at 19.

The district court again ordered Mr. Owen to amend his pleading, notifying him the court was characterizing his Complaint as a deficient § 2254 petition. The court

5

explained it was construing Mr. Owen's claims as being brought under § 2254 because they "primarily appear[ed] to challenge the constitutionality of the state laws under which [Mr. Owen's] sexual behavior was deemed criminal," and from the Complaint "it appear[ed] that [Mr. Owen was] most likely asking to be released from custody based on the unconstitutionality of criminal laws under which he was convicted." ROA Vol. II at 21. Based on this construction, the district court again ordered Mr. Owen to amend his deficient petition, noting Mr. Owen did not ask for a remedy, name a respondent, address the standard to grant a writ of habeas corpus, or submit the petition on a court-approved form. Mr. Owen again objected to the district court's characterization of his Complaint and did not amend his pleading.

Finally, the district court entered an order denying what it characterized as Mr. Owen's § 2254 petition. The district court first concluded the petition was frivolous after screening the petition. Next, the district court denied it on the merits, concluding Mr. Owen had not identified any constitutional violation to sustain a § 2254 petition. The district court dismissed Mr. Owen's petition with prejudice, denied a COA, and granted Mr. Owen's motion for leave to appeal in forma pauperis.[5] Mr. Owen now seeks a COA

---

[5] "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, *as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action.*" *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005) (emphasis added). After dismissing Mr. Owen's petition based on a conclusion that the claims therein were frivolous, the district court granted Mr. Owen's motion to proceed IFP on appeal after assessing only his ability to pay the required filing fees. Thus, this standard requires an assessment of both the movant's ability to pay and the arguments supporting the issues raised.

from this court to challenge the district court's conclusion and characterization of his

Complaint.

## II.    DISCUSSION

Mr. Owen argues the district court incorrectly characterized his Complaint as a

§ 2254 petition. This court looks to the avenues of relief pursued by a pro se pleading to

properly characterize the claims. *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005).

We construe Mr. Owen's pro se Complaint as containing four claims: two seeking

declaratory judgment and two seeking habeas relief. First, Mr. Owen seeks a declaration

that Concurrent Resolution 107 violates the Due Process and Equal Protection Clauses of

the Constitution. Second, Mr. Owen seeks a declaration that several Utah state statutes,

under which he was not charged, also violate the Due Process and Equal Protection

Clauses. Liberally construing Mr. Owen's Complaint, he seeks declaratory judgment for

these claims pursuant to 42 U.S.C. § 1983. Third, Mr. Owen challenges the constitutional

validity of the statutes of his conviction. Because the goal of invalidating the statutes of

conviction is Mr. Owen's release from prison, this claim is one for habeas relief pursuant

to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 486, 489 (1973) (holding a

habeas petition is "the specific instrument" to challenge "the fact or duration" of a state

prisoner's confinement). Finally, Mr. Owen alleges his constitutional rights were violated

during his state trial because of the exclusion of evidence. Habeas relief pursuant to 28

U.S.C. § 2254 is also the exclusive remedy for this claim because Mr. Owen seeks to

invalidate his conviction due to the alleged evidentiary errors. *See Duvall v. Reynolds*,

139 F.3d 768, 787 (10th Cir. 1998) (noting habeas relief is available for "[s]tate court

rulings on the admissibility of evidence" that "render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights").

Having identified the claims asserted by Mr. Owen under a liberal reading of his Complaint, we now proceed with our analysis in two parts. We first address Mr. Owen's standing to bring the two claims we construe as seeking declaratory relief pursuant to 42 U.S.C. § 1983. We then turn to Mr. Owen's claims properly construed as seeking habeas relief pursuant to § 2254.

### A.     Declaratory Judgment Claims

"[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)). This is because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Article III of the Constitution limits federal jurisdiction to "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. This limitation requires "that litigants have standing." *California v. Texas*, 141 S. Ct. 2104, 2113 (2021). To have standing to assert his claim against the United States, Mr. Owen must establish three things: (1) he "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) the injury is "fairly traceable to the challenged action of the defendant"; and (3) it is likely the injury will be "redressed by a favorable decision."

8

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted). Mr. Owen bears the burden of sufficiently pleading each of these elements for each claim. *Id.* at 561. Mr. Owen has not sufficiently pleaded an injury for his claims against the United States or the State of Utah.

In his claim against the United States challenging Concurrent Resolution 107, Mr. Owen argues this resolution violates the Due Process and Equal Protection Clauses of the Constitution. Concurrent resolutions do not "make[] . . . binding policy; [they are] 'a means of expressing fact, principles, opinions, and purposes of the two Houses,' and [] do[] not need to be presented to the President." *Bowsher v. Synar*, 478 U.S. 714, 756 (1986) (Stevens, J. concurring) (quoting Jefferson's Manual and Rules of the House of Representatives 176 (1983)). Indeed, the concurrent resolution at issue here is not binding policy but rather expresses the opinion of Congress rejecting the conclusion of an academic article suggesting sexual relationships between adults and "willing" children are less harmful than they are for "unwilling" children. H.R Con. Res. 107, 106th Cong. (1999). Specifically, the resolution—

> (1) condemns and denounces all suggestions in the article "A Meta-Analytic Examination of Assumed Properties of Child Sexual Abuse Using College Samples" that indicate that sexual relationships between adults and "willing" children are less harmful than believed and might be positive for "willing" children (Psychological Bulletin, vol. 124, No. 1, July 1998); (2) vigorously opposes any public policy or legislative attempts to normalize adult-child sex or to lower the age of consent; (3) urges the President likewise to reject and condemn, in the strongest possible terms, any suggestion that sexual relations between children and adults—regardless of the child's frame of mind—are anything but abusive, destructive, exploitive, reprehensible, and punishable by law; and (4) encourages competent investigations to continue to research the effects of child sexual abuse using the best methodology, so that the public, and public policymakers, may act upon accurate information.

9

*Id.* Mr. Owen does not identify any sustained or prospective injury resulting from this opinion of Congress. Without identifying an injury, Mr. Owen has not demonstrated his standing to challenge the Concurrent Resolution 107 in federal court. Accordingly, the district court lacked jurisdiction over Mr. Owen's declaratory judgment claim against the United States.

Mr. Owen also has not sufficiently pleaded an injury sufficient for standing to sustain his declaratory judgment claim against the State of Utah. With this claim, Mr. Owen attempts to challenge certain Utah statutes criminalizing sexual conduct under which he was neither charged nor convicted. "When a plaintiff challenges the validity of a criminal statute under which he has not been prosecuted, he must show a 'real and immediate threat' of his future prosecution under that statute to satisfy the injury in fact requirement" for standing under Article III of the Constitution. *D.L.S. v. Utah*, 374 F.3d 971, 974 (10th Cir. 2004) (quotation marks omitted).

Mr. Owen seeks a declaration that two Utah statutes violate the Due Process and Equal Protection Clauses. The first statute criminalizes certain sexual conduct with "an individual who is 14 years of age or older, but younger than 16 years of age, at the time the sexual activity described [therein] occurred." Utah Code Ann. § 76-5-401. Similarly, the second challenged statute criminalizes certain sexual conduct with "an individual who is 16 years old or older, but younger than 18 years of age, at the time the sexual conduct described [therein] occurred." Utah Code Ann. § 76-5-401.2. In his Complaint, Mr. Owen does not allege that after being released from prison, he will be under a "real and immediate threat" of future prosecution under either challenged statute. Regardless,

where he is serving a minimum of twenty-two years with the possibility of life imprisonment, it is speculative that he is under an "immediate threat" of future prosecution of violating Utah statutes related to sexual conduct with a minor. Without any demonstration of a "real and immediate threat" of future prosecution under either of the challenged statutes, Mr. Owen has failed to establish standing required for an action pursuant to 42 U.S.C. § 1983 against the State of Utah.

Accordingly, the district court lacked jurisdiction over Mr. Owen's declaratory judgment claims against the State of Utah and the United States. Although the district court properly dismissed these claims, it did so with prejudice. Because we resolve these claims based on the lack of standing, rather than on the merits, we remand to the district court to vacate its dismissal with prejudice as to these claims and to instead enter an order dismissing both claims without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice.").

### B.    28 U.S.C. § 2254 Claims

Mr. Owen argues the district court erred by converting his Complaint into a petition filed under § 2254. Federal courts may properly determine how a particular pro se filing should be treated, independent of the label the prisoner applies to it. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order . . . to create a

11

better correspondence between the substance of a pro se motion's claim and its

underlying legal basis.") (citations omitted). However, when recharacterizing a claim as

one seeking habeas relief pursuant to § 2254, certain safeguards apply. In this context,

even where a petitioner's "claim should have been brought under § 2254, he may prefer

to have his claim dismissed rather than be recharacterized as a § 2254 claim because of

the potential consequences with respect to any § 2254 claim he may file in the future."

*Davis v. Roberts*, 425 F.3d 830, 834–35 (10th Cir. 2005). These consequences include the

strict limitations the Antiterrorism and Effective Death Penalty Act places on second or

successive claims. *Id.* at 835 (citing 28 U.S.C. §§ 2244(b), 2255). Because of these

consequences, we have recognized "certain procedures" a district court must follow

"before recharacterizing pro se pleadings" as a § 2254 petition:

> The district court must notify the pro se litigant that it intends to
> recharacterize the pleading, warn the litigant that this recharacterization
> means that any subsequent § 2255 motion will be subject to the restrictions
> on "second or successive" motions, and provide the litigant an opportunity
> to withdraw the motion or to amend it so that it contains all the § 2255 claims
> he believes he has.

*Id.* (quoting *Castro*, 540 U.S. at 383) (applying these requirements in the context of

construing pro se pleadings under § 2254).

Here, the district court omitted part of this procedure. The district court properly

notified Mr. Owen of its intent to recharacterize his Complaint as a § 2254 petition twice,

providing him with an opportunity to amend the deficient petition. The district court also

explained it was recharacterizing Mr. Owen's pleading as a § 2254 petition "because it

primarily appear[ed] to challenge the constitutionality of the state laws under which

[Mr. Owen's] sexual behavior was deemed criminal." ROA Vol. II at 21. However, neither order from the district court warned Mr. Owen that the recharacterization would restrict any later attempt to file a petition pursuant to § 2254.

Generally, the remedy for a district court's failure to follow these procedures "is to vacate the court's order . . . and remand the case." *United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) (internal quotation marks omitted); *see also Clark v. Bruce*, 159 F. App'x 853, 857 n.3 (10th Cir. 2005) (unpublished) (applying the rule in the context of a § 2254 petition). Remanding in this context allows a pro se plaintiff the opportunity to make all habeas claims pursuant to § 2254 in one petition, "alleviating the adverse consequence of having a subsequent § 225[4] motion being barred as successive." *Martin*, 357 F.3d at 1200.

We agree with the district court's determination that a habeas petition pursuant to § 2254 is the exclusive remedy for Mr. Owen's claims seeking relief by invalidating the statutes of his conviction and evidentiary rulings by the state trial court. *Preiser*, 411 U.S. at 500 (holding that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release . . . , his sole federal remedy is a writ of habeas corpus"). Because a habeas petition is the exclusive remedy for these claims, Mr. Owen cannot seek declaratory relief invalidating the statutes of his conviction pursuant to 42 U.S.C. § 1983. *Id.* However, because the district court omitted part of the required procedure to notify Mr. Owen of the consequences of recharacterizing his claims, we remand with instructions to vacate the district court's order dismissing Mr. Owen's

petition to allow him the opportunity to withdraw his Complaint or amend the submission to bring all his potential § 2254 claims in one petition.[6]

### III.    CONCLUSION

For the foregoing reasons, we REMAND with instructions to the district court to VACATE the dismissal with prejudice for Mr. Owen's claims pursuant to 42 U.S.C. § 1983 against the United States and the State of Utah and to enter an order dismissing those claims without prejudice. We further REMAND with instructions to the district court to VACATE the dismissal of Mr. Owen's claims properly construed as seeking habeas relief pursuant to § 2254 so that he may bring all of his habeas claims in a single petition or withdraw those claims.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[6] Because the district court did not warn Mr. Owen of the consequences of recharacterizing his Complaint, that submission "cannot be considered to have become a § 225[4] [petition] for purposes of applying to later [petitions] the law's 'second or successive' restrictions." *Castro v. United States*, 540 U.S. 375, 383 (2003); *Clark v. Bruce*, 159 F. App'x 853, 857 n.3 (10th Cir. 2005) (unpublished) (citing the rule in the context of a § 2254 petition).