**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOSHUA J. ROBERTSON,

      Plaintiff - Appellant,

    v.

STATE OF KANSAS; KANSAS
DEPARTMENT OF CORRECTIONS;
ROGER WERHOLTZ, Secretary of the
Kansas Department of Corrections, in his
individual and official capacity; CHUCK
SIMMONS, Deputy Secretary Facility
Management Policy Review Committee
Chairperson, in his individual and official
capacity; WILLIAM CUMMINGS,
Secretary of Corrections Designee for
Grievance Procedure, in his individual and
official capacity; LOUIS E. BRUCE,
Warden, Hutchinson Correctional Facility,
in his individual and official capacity;
RAYMOND ROBERTS, Warden, El Dorado
Correctional Facility, in his individual and
official capacity; RICHARD KOERNER,
Warden, Topeka Correctional Facility, in
his individual and official capacity; (FNU)
(LNU), the agents, subordinates and
employees of Roger Werholtz, Secretary of
Corrections, and their successors in interest,
in their individual and official capacities;
DALE R. CALL, Warden Raymond
Roberts' designee, in his individual and
official capacity; GLORIA GEITHER,
Kansas Department of Corrections Religious

No. 08-3235

(D. Kansas)

(D.C. No. 5:07-CV-03162-SAC)

Programs Coordinator, in her individual and official capacity; and ROBERT GATES, Secretary of Defense of the United States of America, and his agents, subordinates, employees and successors in interest, in their individual and official capacities,

Defendants - Appellees.

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, state prisoner Joshua Robertson filed a complaint in federal district court alleging defendants violated his First Amendment rights by refusing to permit him to cohabitate and procreate with Jennifer Self, a female state prisoner. Robertson's complaint raised similar claims premised on the Religious Land Use and Institutionalized Person Act ("RLUIPA"). Robertson

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

also invoked both the First Amendment and RLUIPA in several challenges to his murder conviction and the terms of his incarceration. The district court dismissed Robertson's complaint, concluding the claims challenging the legality of his conviction and incarceration and those seeking release from prison must be brought in a separate action for habeas corpus relief.[1] The court also ruled that Robertson failed to demonstrate a constitutional entitlement to conjugal visits. *See Ramos v. Lamm*, 639 F.2d 559, 580 n.26 (10th Cir. 1980) ("[T]he weight of present authority clearly establishes that there is no constitutional right to contact visitation."). Finally, the district court denied Robertson's RLUIPA claim, concluding a prohibition on heterosexual cohabitation and procreation was the least restrictive means to further Defendants' compelling interest in institutional security. Robertson filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure which the district court denied.

On appeal, Robertson challenges only the disposition of his claim that RLUIPA provides him with the right to cohabitate with Jennifer Self. Having reviewed the record, Robertson's brief, and the applicable law, we can discern no reversible error by the district court. Accordingly, the dismissal of Robertson's complaint is **affirmed** for substantially the reasons stated in the district court

---

[1]On appeal, Robertson alleges the district court failed to address his claim that he should be released from incarceration and permitted to serve in the United States Marine Corps. This portion of the district court's order addressed that claim. Robertson's attempts to characterize the claim as arising under RLUIPA are unavailing.

orders dated December 10, 2007, and August 15, 2008.  Robertson's motion for injunction is **denied** as moot and his motion to proceed *in forma pauperis* on appeal is **granted**.  Robertson is reminded that he remains obligated to continue making partial payments until his appellate filing fee is paid in full.  *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge