**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSHUA J. ROBERTSON,

      Plaintiff - Appellant,

v.

STATE OF KANSAS; KANSAS
DEPARTMENT OF CORRECTIONS;
ROGER WERHOLTZ, Secretary of the Kansas
Department of Corrections, in his individual
and official capacity; CHUCK SIMMONS,
Deputy Secretary Facility Management Policy
Review Committee Chairperson, in his
individual and official capacity; WILLIAM
CUMMINGS, Secretary of Corrections
Designee for Grievance Procedure, in his
individual and official capacity; LOUIS E
BRUCE, Warden, Hutchinson Correctional
Facility, in his individual and official capacity;
RAYMOND ROBERTS, Warden, El Dorado
Correctional Facility, in his individual and
official capacity; RICHARD KOERNER,
Warden, Topeka Correctional Facility, in his
individual and official capacity; (FNU) (LNU),
the agents, subordinates and employees of
Roger Werholtz, Secretary of Corrections, and
their successors in interest, in their individual
and official capacities; DALE R. CALL,
Warden Raymond Roberts' designee, in his
individual and official capacity; GLORIA
GEITHER, Kansas Department of Corrections
Religious Programs Coordinator, in her
individual and official capacity; ROBERT
GATES, Secretary of Defense of the United
States of America, and his agents, subordinates,
employees and successors in interest, in their
individual and official capacities,

No. 15-3098
(D.C. No. 5:07-CV-03162-SAC)
(D. Kan.)

Defendants - Appellees.

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

Joshua Robertson, a Kansas inmate proceeding pro se, appeals the district court's denial of his Fed. R. Civ. P. 60(b) motions for relief from judgment. He also seeks leave to proceed on appeal in forma pauperis (IFP). We grant Robertson's IFP motion and affirm the district court's orders denying relief.

In 2007, Robertson filed a 42 U.S.C. § 1983 civil rights action alleging in part that the defendants violated his rights under the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Person Act (RLUIPA), 42 U.S.C. § 2000cc-1 to 2000cc-5. Specifically, Robertson alleged that the defendants substantially burdened the free exercise of his religious beliefs by refusing to permit him to cohabitate and procreate with Jennifer Self, a female state prisoner he identifies as his common-law wife.

The district court granted Robertson IFP status but dismissed Robertson's civil action for failure to state a claim. *See* 28 U.S.C. § 1915A; 28 U.S.C.

---

[*] After examining Robertson's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

§ 1915(e)(2)(B)(ii). Robertson timely appealed, and this court summarily affirmed the district court's judgment for substantially the same reasons stated by the district court. *Robertson v. Kansas,* 301 F. App'x 786 (10th Cir. 2008) (unpublished).

In January 2015, Robertson filed a series of post-judgment motions in district court, reasserting his challenges to the dismissal of his RLUIPA claim. He sought relief under Rule 60(a), contending the district court committed a clerical mistake by dismissing his claim before serving process on the defendants. Robertson also sought relief under Rule 60(b)(4), alleging the district court's dismissal of his claim before process had been served deprived the court of personal jurisdiction and rendered the judgment void. Robertson later moved to vacate the judgment under Rule 60(b)(4) for the same reason. The district court denied Robertson's Rule 60 motions as untimely and, alternatively, as without merit.

After Robertson filed his notice of appeal, the district court denied Robertson's motion for leave to proceed on appeal IFP. The district court certified that the appeal was not taken in "good faith" given this court's prior decision affirming the 2007 district court judgment. *See* 28 U.S.C. § 1915(a)(3) (providing "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith").

Robertson timely appeals the denial of his Rule 60(b)(4) motions and moves this court for leave to proceed on appeal IFP. We review de novo a district court's ruling on a Rule 60(b)(4) motion. *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000). We also review de novo Robertson's motion for IFP status.

3

*See Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1154 (10th Cir. 2009) (explaining appellate court's consideration of motion for IFP status "is not a review of the district court's denial, but an original consideration).

Robertson argues the district court erred in denying his Rule 60(b)(4) motions (1) as untimely, and (2) on the merits. We agree that the district court erred in finding Robertson's Rule 60(b)(4) motions untimely. *See Gschwind*, 232 F.3d at 1345-46 (noting a Rule 60(b)(4) motion attacking judgment as void is not subject to any time limitation). Nevertheless, the district court correctly concluded that Rule 60(b)(4) affords Robertson no relief.

A judgment is void only if the court that rendered it lacked jurisdiction over the parties or subject matter, or acted in a manner inconsistent with due process. *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002). In his Rule 60(b)(4) motions and appellate brief, Robertson asserts this general definition of a void judgment. But even liberally construing his filings,[1] we interpret his argument as asserting only that the judgment is void for lack of jurisdiction.[2] Specifically,

---

[1] Because Robertson is proceeding pro se, we liberally construe his filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Robertson also attempts to revive his direct attack on the underlying judgment, arguing that the district court erred in dismissing his RLUIPA claim for failure to state a claim because he presented prima facie evidence of a RLUIPA violation and the defendants should have been required to defend the claim. But Robertson's opportunity to directly attack the underlying judgment expired with his unsuccessful direct appeal. *See Robertson*, 301 F. App'x 786 (10th Cir. 2008) (unpublished). *See also V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224-26 (10th Cir. 1979) (distinguishing erroneous judgments subject to attack through direct appeals

Robertson argues the district court's dismissal of his RLUIPA claim before service of process on the defendants and without requiring a responsive pleading constituted insufficient service of process and rendered the district court's 2007 judgment void for lack of personal jurisdiction.

The district court properly rejected this argument. Under 28 U.S.C. § 1915A(a), a district court shall review a prisoner's complaint against a governmental entity or officer or employee of that entity either "before docketing" or "as soon as practicable after docketing." And under § 1915A(b)(1), the court shall dismiss such a complaint if that review reveals a failure to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B)(ii) (directing courts to dismiss civil action filed by prisoner proceeding IFP "at any time" if court determines action fails to state claim on which relief may be granted). We have explained that § 1915A does not require that process be served or that the plaintiff be provided an opportunity to respond before dismissal. *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000).

Because § 1915A requires a district court to dismiss a prisoner's civil action for failure to state a claim as soon as practicable, a judgment dismissing such an action before service of process isn't void for lack of personal jurisdiction. And, as the district court noted, § 1915A applies to RLUIPA claims. *See* 42 U.S.C. § 2000cc-

from void judgments subject to attack through Rule 60(b)(4)). Consequently, we address only his argument that the judgment is void for lack of jurisdiction.

5

2(e) (explicitly stating that "[n]othing in [RLUIPA] shall be construed to amend or repeal the Prison Litigation Reform Act of 1995 (including provisions of law amended by that Act)"); *Plunk*, 234 F.3d at 1129.

Because the district court's dismissal of Robertson's RLUIPA claim under § 1915A did not deprive the district court of personal jurisdiction, Robertson is not entitled to relief from judgment under Rule 60(b)(4). Accordingly, we affirm the district court's orders denying relief. However, we grant Robertson's motion to proceed on appeal IFP, and we remind him that he remains obligated to continue making payments until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court

Nancy L. Moritz
Circuit Judge