FILED
United States Court of Appeals
Tenth Circuit

July 31, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT W. WINKEL,

      Plaintiff - Appellant,

v.

GEOFFERY HAMMOND, M.D.,
Larned State Hospital; DILIP
PATEL, M.D., Larned State Hospital;
JOHN DOE, a/k/a (FNU) Oleachea;
JOHN DOES,

      Defendants - Appellees.

No. 16-3290
(D.C. No. 5:13-CV-03103-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] El Dorado Correctional Facility prisoner Robert

Winkel appeals the district court's dismissal of his civil action. In his

complaint brought under 42 U.S.C. § 1983, Winkel alleges that while he

_____

[*] After examining the brief and appellate record, this panel unanimously determines that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Winkel's pro se filings, but it's not our role to act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

was under evaluation for competency to stand trial, certain employees at the Larned State Security Hospital (LSSH) violated his constitutional due process rights by forcibly administering antipsychotic medication.

The district court granted Winkel leave to proceed in forma pauperis (IFP), directed service of process on the defendants, and requested that officials at LSSH review Winkel's allegations and prepare a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).[2]

Three days after LSSH filed its *Martinez* report, the district court sua sponte entered an order dismissing Winkel's claim under 28 U.S.C. § 1915A(b)(1) for "failure to state a claim for relief." R. vol. 1, 161. Citing facts from the *Martinez* report and its accompanying exhibits, the district court concluded as follows:

> Having considered the entire record, the [c]ourt concludes plaintiff was afforded adequate due process in the two episodes of forcible injections of medication. Staff repeatedly addressed plaintiff, and there was consensus among medical staff that the prescribed medication was both appropriate and necessary to allow plaintiff to adequately care for himself and to avoid any harm to others. The materials show the injections were the result of an administrative determination that considered the relevant aspects of plaintiff's medical condition and the need for the prescribed medication.

---

[2] District courts order *Martinez* reports to aid in identifying and clarifying the issues pro se plaintiffs raise in their complaints, to assist in the court's broad reading of pro se litigants' pleadings, and to supplement plaintiffs' descriptions of the practices they contend are unconstitutional. *Hall v. Bellmon*, 935 F.2d 1106, 1112–13 (10th Cir. 1991).

R. vol. 1, 161. Based on this conclusion, the district court entered judgment dismissing the case.

Winkel argues that the district court (1) improperly considered the *Martinez* report in determining whether his complaint was sufficient to state a claim, and, in doing so, (2) effectively issued a sua sponte summary judgment ruling without providing him an opportunity to respond to the facts contained in the *Martinez* report. We review de novo the district court's dismissal pursuant to § 1915A for failure to state a claim upon which relief can be granted. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).

In determining whether a pro se complaint fails to state a claim, courts apply the same standard applied under Fed. R. Civ. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (addressing standard of review for dismissal of pro se complaint under 28 U.S.C. § 1915(e)(2)(B)(ii)). Thus, "we 'look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.'" *Id.* at 1218 (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007)). In doing so, "we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

3

Generally, "the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). While there are limited exceptions, *Martinez* reports don't fall within those exceptions "unless 'the plaintiff challenges a prison's policies or established procedures and the *Martinez* report's description of the policies or procedures remains undisputed after plaintiff has an opportunity to respond.'" *Id.* (quoting *Hall*, 935 F.2d at 1112).

Here, Winkel's complaint doesn't challenge LSSH's policies or established procedures. And even if it did, the district court didn't give Winkel an opportunity to respond to the *Martinez* report. Moreover, the district court impermissibly used the *Martinez* report to resolve factual disputes. *See Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the *Martinez* report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). Therefore, we conclude the district court erred in using the *Martinez* report to dismiss Winkel's complaint for failure to state a claim.

Next, we examine the complaint without reference to the *Martinez* report to determine whether Winkel plausibly alleged a due process violation. *See Gee*, 627 F.3d at 1187 (noting that district court's reliance on outside materials in granting motion to dismiss for failure to state a claim isn't

4

reversible error if dismissal can be justified without considering outside materials).

Accepting Winkel's alleged facts as true, we conclude that he states a plausible Fourteenth Amendment violation. "The Due Process Clause permits the state to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington v. Harper*, 494 U.S. 210, 227 (1990). Further, under certain circumstances, the state may involuntarily medicate non-dangerous pretrial detainees with antipsychotics in order to restore competency before trial. *See United States v. Bradley*, 417 F.3d 1107, 1116 (10th Cir. 2005). To ensure due process under these circumstances, however, the trial court ordering competency restoration is required to determine whether "involuntary administration of antipsychotic drugs 'is necessary significantly to further important governmental trial-related interests.'" *Id.* at 1113 (quoting *Sell v. United States*, 539 U.S. 166, 179 (2003)). Thus, the trial court is required to consider whether the state, "in light of the efficacy, the side effects, the possible alternatives, and the medical appropriateness of a particular course of antipsychotic drug treatment, [has] shown a need for that treatment sufficiently important to overcome the individual's protected interest in refusing it[.]" *Sell*, 539 U.S. at 183.

Winkel's complaint alleges that LSSH employees violated his due process rights by forcibly medicating him with antipsychotics because (1) he wasn't dangerous and (2) the trial court failed to hold a hearing to determine whether forcibly medicating Winkel—a non-dangerous pretrial detainee—was necessary and appropriate.[3] Winkel alleges that this forced administration "was to make Winkel 'more receptive' and discourage his refusal[]" to take prescribed medication. Reviewing Winkel's complaint without referencing the *Martinez* report, Winkel states a plausible claim for violation of his due process rights. Accordingly, the district court erred in dismissing his complaint. Thus, we reverse and remand for further proceedings.[4]

The district court granted Winkel's motion to proceed IFP on appeal, and we remind Winkel that he must continue making partial payments

---

[3] Winkel's complaint attaches the trial court's order committing him to LSSH for pre-trial competency evaluation and treatment. The order and an expert's letter, which the order references, are silent regarding involuntary administration of antipsychotics or consideration of the *Sell* factors.

[4] Winkel appeals from a number of other district court orders, and seeks miscellaneous relief associated with those orders. Because we find dismissal for failure to state a claim wasn't appropriate here, we don't reach these arguments.

until he has paid the full amount of his fees and costs.

Entered for the Court


Nancy L. Moritz
Circuit Judge