**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSHUA J. ROBERTSON,

     Plaintiff - Appellant,

v.

ALEYCIA MCCULLOUGH, Health
Services Administrator, Corizon Health,
Inc., Lansing Correctional Facility, in her
individual and official capacity;
DANIELLE WAGNER, Unit Team
Manager, Lansing Correctional Facility, in
her individual and official capacity;
COLETTE WINKELBAUER, Deputy
Warden, Lansing Correctional Facility, in
her individual and official capacity; SAM
CLINE, Warden, Lansing Correctional
Facility, in his individual and official
capacity; DOUGLAS W. BURRIS,
Secretary of Corrections Designee, Kansas
Department of Corrections, in his
individual and official capacity; CORIZON
HEALTH, INC.,

     Defendants - Appellees.

No. 17-3276
(D.C. No. 5:17-CV-03211-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Proceeding pro se,[1] Joshua J. Robertson, a state prisoner, sued Kansas health-care and corrections employees under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). *See* 42 U.S.C. § 2000cc-1. In his complaint, Robertson alleged that these employees have substantially burdened his religious exercise by disallowing him from donating his kidney to an unnamed "[f]emale inmate" he saw one time receiving kidney dialysis. Appellant's Opening Br. at 2. Under 28 U.S.C. § 1915A, the district court preliminarily reviewed Robertson's complaint and dismissed it for failure to state a claim. Robertson appeals and moves to proceed *in forma pauperis* (IFP). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of Robertson's complaint for failure to state a claim and deny Robertson's IFP motion.

## BACKGROUND

### A. The Complaint's Allegations[2]

---

[1] Because of Robertson's pro se status, we construe his complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). But we won't "supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

[2] We review a dismissal for failure to state a claim under § 1915A(b) using the same standard applied under Federal Rule of Civil Procedure 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (addressing standard of review for dismissal of pro se complaint under 28 U.S.C. § 1915(e)(2)(B)(ii)); *see also Winkel v. Hammond*, 704 F. App'x 735, 736 (10th Cir. 2017) (using the 12(b)(6) standard to review a § 1915A(b) dismissal for failure to state a claim). So "we must accept the allegations of the complaint as true and construe those allegations and any reasonable

Robertson is a prisoner in the custody of the Kansas Department of Corrections at Lansing Correctional Facility. The Kansas Department of Corrections receives federal financial assistance. Robertson is a Messianic Jew and his primary religious text is the King James Bible.

On August 30, 2017, Robertson visited the Lansing Correctional Facility's medical clinic "between 8:15 AM and 9:45 AM." R. vol. I at 7 ¶ 12. At this clinic, Corizon Health, Inc. provides healthcare services to inmates at Lansing Correctional Facility under a contract with the Kansas Department of Corrections. Under the terms of that contract, Corizon Health, Inc. "is an instrumentality of the Kansas Department of Corrections." *Id.* at 8 ¶ 17. Also under the contract, Robertson says, "Corizon Health inc., and/or the Kansas Department of Corrections . . . is to incur expenses in providing the comprehensive Health Care Services to inmates confined in the Kansas Department of Corrections." *Id.* at 8 ¶ 18.

While at the medical clinic, Robertson alleges that he saw corrections officers escort a female inmate into the clinic to receive kidney dialysis. Robertson doesn't know her name, but alleges that her name is public information maintained by the Kansas Department of Corrections.

As part of his religion, Robertson believes he is called by his "Lord, Jesus Christ the Son of God, who has given [him] 'power and authority over all devils, and to cure diseases.'" *Id.* at 8 ¶ 19 (quoting *Luke* 9:1 (King James)). He also believes he

---

inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines*, 292 F.3d at 1224.

3

is called "to preach the gospel, and healing everywhere[,] see Luke 9:6 (KJV) for [he is] to give 'hoping for nothing again; and your reward shall be great, and ye shall be the children of the Highest' see Luke 6:35 (KJV)." *Id.* He also alleges that he truly believes "that donating one of [his] two kidneys to the female inmate" he saw in the clinic on August 30, 2017 would be a religious exercise "of curing diseases and providing healing to the female inmate." *Id.*

So on September 5, 2017, Robertson submitted a "Health Services Request Form" to Alice Snowberg, presumably a medical clinic employee.[3] R. vol. I at 9 ¶¶ 23–24. That request stated: "I am requesting to freely donate one of my kidneys to the female inmate who received dialysis treatment at Lansing Correctional Facility on August 30, 2017. This is a medical request, if you refuse than [sic] I will File a Federal Lawsuit against you." *Id.* at 9 ¶¶ 23. Snowberg gave Robertson's form to Aleycia McCullough, the Health Services Administrator at the clinic. McCullough read the form "and pushed it out the window and she stated [to Robertson], 'We don't do that here, you need to leave now.'" *Id.*

That same day, Robertson filed an inmate grievance (#AA20180130) "complaining about Medical staff refusing to process" his Health Services Request Form and asking to donate his kidney "to the Female inmate." *Id.* at 9 ¶ 24. Three days later, Danielle Wagner, "the Unit Team Manager of A1 Cellhouse of Lansing Correctional Facility," R. vol. I at 6 ¶ 5, denied Robertson's grievance, stating, "It

---

[3] The complaint doesn't state what Alice Snowberg's role is at the medical clinic.

was determined that per DOC inmate to inmate organ donation is not allowed." *Id.* at 10 ¶ 27.

Robertson appealed Wagner's decision to Warden Sam Cline, who also denied his request. In his denial, Warden Cline wrote:

> There are a number of factors to consider with regards to your request. The first being that you evidently have no pre-existing relationship with this other person, as you do not seem to even know her name. Secondly, the medical needs or any other medical information will not be discussed with you. Third, you are no position [sic] to impose a medical procedure on a third party. Additionally, there is no indication that you have the financial means to pay for an unnecessary medical procedure such as this.

*Id.* at 25.[4] Robertson then appealed to Doug Burris, the Kansas "Secretary of Corrections Designee." R. vol. I at 15. Secretary Designee Burris responded to Robertson's appeal by stating that, "This does not appear to be a medical issue," and "[t]he offender has been notified that organ donation from one inmate to another is not allowed per KDOC regulations."[5] *Id.* at 15.

Despite Warden Cline and Secretary Designee Burris' assertion that a Kansas Department of Corrections regulation prevents inmate-to-inmate organ donation, Robertson alleged in his complaint that "[t]he Kansas Department of Corrections has NO regulations prohibiting organ donation from one inmate to another inmate." *Id.* at 9 ¶ 20. He also alleged that "Corizon Health, inc., has no policy prohibiting organ

---

[4] Robertson attached Warden Cline's denial letter to his complaint. Robertson referred to Warden Cline's letter in his complaint and it's central to his claims, so we consider it. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

[5] Robertson also attached Secretary Burris's letter to his complaint. So we consider it, too. *Gee*, 627 F.3d at 1186.

donation from one inmate to another inmate." *Id.* at 9 ¶ 21. And he claims that he

"has never been informed as to what Kansas Department of Corrections regulations

which the defendants claim to prohibit organ donation from one inmate to another

inmate." *Id.* at 9 ¶ 22.

**B. The Court Proceedings**

Having exhausted his administrative remedies, Robertson filed suit in the

United States District Court for the District of Kansas alleging that the above health-

care and corrections employees have violated his rights under RLUIPA. Robertson

sought an injunction ordering the defendants to "refrain from preventing plaintiff

from donating his kidney to the Female inmate" and "to incur expenses in its own

operations of health care to inmates, including Plaintiff's request to donate his kidney

to the Female inmate." *Id.* at 12. Robertson also moved for a preliminary injunction.

The district court then screened Robertson's complaint under 28 U.S.C.

§ 1915A(a). The court determined that "[t]he decision to ban inmate-to-inmate

transplants rests on the expertise of prison officials who serve as the managers of

inmate welfare, as arbiters of policy, and as stewards of limited financial resources."

*Id.* at 50. And, it explained, Congress expected courts to defer to prison

administrators' regulations where necessary to maintain order, security, and

discipline, and where necessary to appropriately steward limited financial resources.

So the court dismissed Robertson's complaint for failure to state a claim.

Robertson filed his notice of appeal and then moved to proceed without

prepayment of fees. The district court granted Robertson's motion but failed to assess

partial payments. The clerk of court for the Tenth Circuit Court of Appeals then directed Robertson to file a renewed application to proceed *in forma pauperis*. Robertson did so**,** and the clerk then assessed partial payments.

## DISCUSSION

## A. RLUIPA

Under 28 U.S.C. § 1915A(a), federal district courts preliminarily screen complaints filed by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." After that screening, the district court may dismiss the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or seeks "monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(b). We review de novo a district court's § 1915A(b) dismissal for failure to state a claim. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).

To evaluate the sufficiency of a complaint dismissed under 28 U.S.C. § 1915A(b), we apply the same standard applied under Federal Rule of Civil Procedure 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (addressing standard of review for dismissal of pro se complaint under 28 U.S.C. § 1915(e)(2)(B)(ii)); *see also Winkel v. Hammond*, 704 F. App'x 735, 736 (10th Cir. 2017) (using the 12(b)(6) standard to review a § 1915A(b) dismissal for failure to state a claim). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And "we must accept the allegations of the complaint as true and construe those

7

allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

Here, Robertson alleged a RLUIPA claim. Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government demonstrates that the burden furthers a compelling governmental interest and it is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1. To proceed on a RLUIPA claim, Robertson must sufficiently allege facts plausibly showing that "he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief," and that exercise "(3) is subject to a substantial burden imposed by the government." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010). A religious exercise is "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Kay*, 500 F.3d at 1221 (quoting 42 U.S.C. § 2000cc-5(7)(A)). "[A] religious exercise is substantially burdened under 42 U.S.C. § 2000cc-1(a) when a government . . . prevents participation in conduct motivated by a sincerely held religious belief[.]" *Abdulhaseeb*, 600 F.3d at 1315.

But not "every infringement on a religious exercise will constitute a substantial burden." *Id.* at 1316. A RLUIPA plaintiff "must have an honest belief that the practice is important to his free exercise of religion." *Id.* (quoting *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 332 (5th Cir. 2009)). Congress enacted RLUIPA to remove frivolous and arbitrary barriers that "impede[d] institutionalized

8

persons' religious exercise." *Cutter v. Wilkinson*, 544 U.S. 709, 716 (2005). And yet it "anticipated . . . that courts entertaining complaints under [RLUIPA] would accord 'due deference to the experience and expertise of prison and jail administrators.'" *Id.* at 717 (quoting 146 Cong. Rec. 16698, 16699 (2000) (joint statement of Sen. Hatch and Sen. Kennedy on RLUIPA)).

Robertson argues that the district court improperly dismissed his complaint for failure to state a claim. He argues that the district court erred (1) in not serving the defendants with the complaint; and (2) not requiring the defendants to proffer evidence that the refusal to grant Robertson's organ donation met RLUIPA's scrutiny standard. Robertson also argues that 42 U.S.C. § 2000cc-3(c) "requires the prison defendants and the contracted health service provider to incur expenses in its own operations to avoid imposing a substantial burden on Appellant's religious exercise." Appellant's Op. Br. at 7. And he urges this court to assess the cost of this appeal and a $10,000 pro se counsel fee against the defendants.

But Robertson's complaint must sufficiently allege facts plausibly showing he is entitled to relief before his lawsuit may proceed. His complaint fails to do so. We agree with the district court that Robertson's complaint fails to state a RLUIPA claim, but on different grounds. Robertson's complaint alleges that the Kansas Department of Corrections doesn't actually have a regulation prohibiting inmate-to-inmate organ donation. Since Robertson's complaint, as well as Warden Cline and Secretary Burris' letters fail to identify the Kansas Department of Corrections

9

regulation that corrections officials relied on to deny Robertson's request, we can't be sure that the regulation is due deference.

Robertson's complaint fails to state a claim for another reason—he hasn't pleaded facts sufficient to plausibly show that the corrections employees have substantially burdened his religious exercise. We don't see how the government has prohibited Robertson from participating in a religious exercise. He fails to allege any of the following facts: the female inmate's identity; whether she needs a new kidney; how he knows she needs a new kidney; whether Robertson would qualify as a match to donate his kidney to her; and whether she would even consent to the procedure. Congress intended RLUIPA to remove frivolous barriers from prisoners' religious exercise, not permit prisoners to impose surgical procedures on unwitting and unconsenting third parties.

## B. IFP Motion

Having reviewed Robertson's IFP motion on appeal, we conclude that he hasn't demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). Thus, we deny his IFP motion.

## C. Prison Litigation Reform Act (PLRA)

Robertson had already acquired his first strike under the PLRA before this appeal. *See Robertson v. Kansas*, 301 F. App'x 786, 788 (10th Cir. Dec. 5, 2008). The district court dismissed Robertson's complaint in the present case under

10

§ 1915A(b)(1), which counts as a second strike under the PLRA. 28 U.S.C. § 1915(g); *see also Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1177–78 (10th Cir. 2011) (counting a § 1915A(b)(1) dismissal as a strike under § 1915(g)). And because we find this appeal frivolous, we impose a third strike. *See Jennings v. Natrona Cnty. Det. Ctr.*, 175 F.3d 775, 780–81 (10th Cir. 1999), *overruled on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). So he must prepay the filing fees for any civil cases he files in the future because he has acquired three strikes. 28 U.S.C. § 1915(g).

## CONCLUSION

For the above reasons, we AFFIRM the district court's dismissal of Robertson's complaint for failure to state a claim and we deny his IFP motion. We remind Robertson that he remains obliged to pay the full filing fee.

Entered for the Court

Gregory A. Phillips
Circuit Judge